

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

August 10, 1961

Honorable Nelson Quinn
County Attorney
Taylor County
Courthouse
Abilene, Texas

Opinion No. WW-1109

Re: Whether placing outdoor signs
in a dry area advertising the
name of a business but not
showing alcoholic beverages
for sale is in violation of
Article 667-24a, V.P.C.

Dear Mr. Quinn:

You have requested the opinion of this Department relative to
the above subject. Your letter of inquiry is quoted in part as follows:

"Under Article 667-24a, Section 1, the term 'out-
doors advertising' is defined as 'a sign bearing any
words, marks, description, or any other device as
used to advertise the alcoholic beverage business of
any person engaged in the manufacture, sale, or distri-
bution of alcoholic beverages, or the advertisement of
any beverage containing alcohol in excess of one-half
of one percent (1/2 of 1%) by volume. . .'. Does this
Statute include the indirect advertising by placing on
the sign the name of a business which sells alcoholic
beverages and a map which directs the party to a par-
ticular place in another county, and the sign does not
indicate or show that alcoholic beverages are sold and
distributed at that place of business?

"In our County, which is a dry area, several signs
are being placed in this area which are described as
follows:

(Illustration of sign)

". . . I request an opinion from your office as to
whether the foregoing facts mentioned come within the
provisions of Article 667-24a."

In order to determine whether or not such sign as illustrated
in your letter is illegal it is necessary to examine the laws relating
thereto.

The principle definitions are found in Section 1, Article 667-
24a, which reads in part as follows:

"The term 'outdoor advertising' as used herein shall mean any sign bearing any words, marks, description or other device and used to advertise the alcoholic beverage business of any person engaged in the manufacture, sale or distribution of alcoholic beverages, or in the advertisement of any beverage containing alcohol in excess of one-half of one per cent (1/2 of 1%) by volume, when such sign is displayed anywhere outside the walls or enclosure of any building or structure where there exists a license or permit to sell alcoholic beverages . . .

"The word 'billboard' as used herein shall mean a structure directly attached to the land, or to any house or building, and having one (1) or more spaces used for displaying thereon a sign or advertisement of the alcoholic beverage business of any person engaged in the manufacture, sale or distribution of alcoholic beverages, or for the advertisement of any beverage containing alcohol in excess of one-half of one per cent (1/2 of 1%) by volume, whether or not such structure or sign be illuminated by artificial means. The term 'billboard' shall not be inclusive of any wall or other part of any structure used as a building, fence, screen, front or barrier. (Emphasis added.)

". . ."

The same Article in Section 4 thereof provides as follows:

"It shall be unlawful for any person to erect, maintain or display any outdoor advertising, billboard, or electric sign not conforming in all respects to the provisions of this Act; and any billboard or electric sign displayed contrary thereto is hereby declared illegal equipment and subject to seizure and forfeiture as provided for such action in respect to illicit beverages and other illegal equipment under the provisions of this Act."

After carefully observing the printed matter as shown on the exhibit of the sign contained in your letter there is no indication that the sign bears any "words, marks, description or other device used to advertise the alcoholic beverage business". Apparently the sign only bears the name of the establishment where something is sold since it uses the name Cecil's County Line Store. The geographical location is shown, however, such sign does not indicate that the store is a package store or a store where alcoholic beverages are sold.

In Opinion No. V-305 the Attorney General discusses the definitions of "signs" and "outdoor advertising", a copy of such opinion is attached hereto for your information.

Since the sign does not bear any words, marks, description or other device which are used to advertise the alcoholic beverage business, we do not believe that such sign under the stated facts violates the provisions of Article 667-24a, V.P.C.

### SUMMARY

Outdoor advertising by billboard or electric sign which does not bear any words, marks, description or other device to advertise the alcoholic beverage business, does not violate Article 667-24a, V.P.C.

Very truly yours,

WILL WILSON
Attorney General of Texas

By Harris Toler
Harris Toler
Assistant Attorney General

HT/br

APPROVED:

OPINION COMMITTEE
Henry Braswell, Chairman

Grady Chandler
Gilbert Hargrave
Elmer McVey
Fred Werkenthin

REVIEWED FOR THE ATTORNEY GENERAL
By:  Houghton Brownlee